# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOSE CARLOS AVILA-SIFUENTES, #34946-177, Petitioner, | ) ) ) ) | |
| v. | ) ) | 3:07-CV-1896-N |
| UNITED STATES OF AMERICA, Respondent. | ) ) ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On November 16, 2007, the court received a habeas corpus petition pursuant to 28 U.S.C. § 2241, which was referred to the undersigned Magistrate Judge for screening.[1]

At the time of mailing this petition, Petitioner was confined within the Bureau of Prisons in Big Spring, Texas. His whereabouts are presently unknown.

Petitioner alleged that he should have been permitted to leave the United States voluntarily, which would have relieved him of the obligation of obtaining consent to re-enter the United States, and as a result would not have criminalized his re-entry. He cited his criminal cause number, No. 3:06cr17-N, and his direct criminal appeal number, No. 06-11110.

A jury convicted Petitioner of illegal re-entry after removal from the United States, for

---

[1] October 31, 2007, is the date on which Petitioner states he placed his pleadings in the prison mail system at Big Spring, Texas, where he was confined. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998)

which he was sentenced to a twenty-four month term of imprisonment. *United States v. Avila-Sifuentes*, 3:06cr017-N (N.D. Tex., Dallas Div., Oct. 10, 2006). The Fifth Circuit affirmed his conviction and sentence, *see Avila-Sifuentes v. United States*, No. 06-11110 (5th Cir. Jul. 31, 2007), and the Supreme Court recently denied a petition for writ of certiorari, *see Avila-Sifuentes v. United States*, No. 07-7302, (Nov. 26, 2007).

Although Petitioner denominated his petition as one for relief under 28 U.S.C. § 2241, the petition clearly sought to attack the validity of the federal sentence he was then serving. A collateral attack on a federal criminal conviction is generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). Therefore, on December 5, 2007, the court re-characterized the petition in this case as a § 2255 motion to vacate sentence, and granted Petitioner an opportunity to withdraw his habeas petition, recharacterized as a § 2255 motion, or to amend the same so that it would contain all claims that he wished to raise with respect to his conviction in No. 3:06cr017-N. *See Castro v. United States*, 540 U.S. 375, 383, 124 S.Ct. 786, 792 (2003) (holding that when a district court recharacterizes a *pro se* litigant's pleadings as a first motion to vacate, as in this case, it "must notify . . .the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he has.").

On December 13, 2007, the above order was returned to the Court because Petitioner had been released from custody on November 16, 2007. *See* Attachment I for Printout from Bureau

2

of Prisons website, http://www.bop.gov. As of the filing of this recommendation, Petitioner has failed to keep the court informed of his change of address. The court is not required to delay disposition in this case until such time as Petitioner chooses to provide his current address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the habeas petition, construed as a motion to vacate sentence under 28 U.S.C. § 2255, be DISMISSED without prejudice for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure, and that the motion for leave to proceed *in forma pauperis* (#2) be DENIED as moot.

A copy of this recommendation will be mailed to Petitioner at his last known address shown on the docket.

Signed this 20th day of December, 2007.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

# ATTACHMENT I